UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Wells Fargo Bank, N.A., as Trustee for ABFC 2006-OPT2 Trust, Asset Backed Funding Corporation Asset Backed Certificates, Series 2006-OPT2<br><br>Plaintiff,<br>-vs.-<br>Richard H. Hartman, II; Shadow Lakes Homeowners' Association, Inc.; Unknown Tenants in Possession #1; Unknown Tenants in Possession #2; If living, and all Unknown Parties claiming by, through, under and against the above named Defendant(s) who are not known to be dead or alive, whether said Unknown Parties may claim an interest as Spouse, Heirs, Devisees, Grantees, or Other Claimants<br><br>Defendant(s). | Case #: 8:11-CV-2033-T17-AEP |

**PLAINTIFF'S MOTION FOR REMAND AND**
**MEMORANDUM OF LAW IN SUPPORT THEREOF**

PLAINTIFF, Wells Fargo Bank, N.A., as Trustee for ABFC 2006-OPT2 Trust, Asset Backed Funding Corporation Asset Backed Certificates, Series 2006-OPT2 ("Plaintiff"), by and through its undersigned counsel, hereby files this Motion for Remand pursuant to 28 U.S.C. 1447, and states as follows:

1. On July 28, 2011, the Plaintiff filed its Verified Complaint to Foreclose Mortgage in the Circuit Court in and for Pasco County, Florida.

2. On August 1, 2011, the Defendant, Richard H. Hartman, II ("Defendant") was served by substitute service.

3. On August 16, 2011, the Defendant, Shadow Lakes Homeowner's Association, Inc (the "Association"), was served by corporate service.

4. On or about September 7, 2011, the Defendant filed a Notice of Removal based on diversity jurisdiction.

## LACK OF DIVERSITY JURISDICTION

5. The Defendant states in his Notice of Removal that he is a resident of Pasco County, Florida.

6. The case cannot be removed based upon diversity jurisdiction for the simple reason that only an out-of-state defendant can remove an action to federal court and not, as here, a Florida citizen. The express language in the removal statute prohibits removal by citizens of the state in which the action is brought. *See*, 28 U.S.C. § 1441(b)([Other than federal question actions] any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." ); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005)(while "an in-state plaintiff may invoke diversity jurisdiction ... § 1441(b) bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.'" ).

7. Simply stated, a defendant who is a citizen of the State of Florida cannot remove an action to federal court based upon diversity jurisdiction even if there is complete

diversity between the parties. *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001)("For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought."); *McMahon v. Presidential Airways, Inc.*, 410 F. Supp. 2d 1189, 1194-95 (M.D. Fla. 2006)("Although the parties ... are completely diverse, it is undisputed that removal was not proper on the basis of diversity of citizenship because the Defendants are Florida residents.")

8. Because the Defendant is a Florida resident, who has been sued in a Florida state court, he cannot remove this action based upon diversity of citizenship.

### FAILURE OF ALL DEFENDANTS TO CONSENT TO REMOVAL

9. 28 U.S.C 1446 (b) provides that the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

10. The Association was served on August 16, 2011, but did not timely file a Notice of Removal or consent to the removal.

11. Failure of all defendants served in state proceedings to join in a removal petition under 28 USCS § 1446 renders petitions defective, and for that reason alone removal was improvident for purposes of 28 USCS § 1447(c) as it formerly read. <u>Committee of Interns & Residents v New York State Labor Relations Board</u> (1976, SD NY) 420 F Supp 826, 93 BNA LRRM 2540, 79 CCH LC P 53868.

12. Motion to remand action to state court pursuant to 28 USCS § 1447 is granted where, in action on promissory note, all defendants failed to join in petition for removal filed by one defendant or to consent to such action within 30 day time limitation as required under 28 USCS § 1446; McCurtain County Production Corp. v Cowett (1978, ED Okla) 482 F Supp 809.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order remanding the action to state court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail on this 6th day of October, 2011, to the following:

Shadow Lakes Homeowners' Association, Inc., c/o James Damaio, R.A., 12317 Smokey Drive, Hudson, FL 34669

Richard H. Hartman, II, 12528 Shadow Ridge Boulevard, Hudson, FL 34669

Unknown Tenants in Possession #1 n/k/a Dawn Wartenberg, 12528 Shadow Ridge Boulevard, Hudson, FL 34669

By: _____
James J. Spanolios, Esq.
FL Bar # 868965
SHAPIRO, FISHMAN & GACHÉ, LLP
Attorneys for Plaintiff
4630 Woodland Corporate Blvd.
Suite 100
Tampa, FL 33614
Telephone: (813) 880-8888
Fax: (813) 880-8800
jspanolios@logs.com

11-218556 FC01